Lenny **COULOMBE**, Plaintiff–
Appellant,

v.

**TOTAL RENAL CARE HOLDINGS,
INC, a/k/a DaVita, Inc.,**
Defendant–Appellee.

No. 07–35384.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted on Oct. 23, 2008.

Filed Nov. 4, 2008.

618

David Elliot Breskin, Esquire, Daniel Foster Johnson, Esquire, Breskin Johnson & Townsend PLLC, John E. Wallace, Esquire, Short Cressman & Burgess, PLLC, Seattle, WA, for Plaintiff–Appellant.

Brian Matthew Flock, Esquire, James Sanders, Esquire, Perkins Coie LLP, Seattle, WA, for Defendant–Appellee.

Before: RYMER and KLEINFELD, Circuit Judges, and HURLEY,* Senior District Judge.

* The Honorable Denis R. Hurley, Senior United States District Judge for the Eastern District of New York, sitting by designation.

## MEMORANDUM **

Lenny Coulombe ("Coulombe") appeals from the district court's grant of summary judgment in favor of his former employer, Total Renal Care Holdings, Inc. a/k/a DaVita Inc. ("DaVita"), on his claims to recover stock options that he received from DaVita and thereafter relinquished. We affirm.

While the question of whether the stock options at issue constitute wages under Wash. Rev.Code § 49.52.050 is an interesting one, it need not be addressed. There is an alternate ground that is dispositive and we may affirm the district court's grant of summary judgment on any basis fairly supported by the record. *In re First Alliance Mortgage Co.*, 471 F.3d 977, 995 (9th Cir.2006).

The Washington Anti–Kickback statute does not forbid the making of voluntary donations or contributions by an employee to the employer such as occurred here. *See State v. Carter*, 18 Wash.2d 590, 622, 142 P.2d 403, 407 (1943) (en banc). "If an employee exercises his free choice in making a contribution, even though in response to a request, his act does not amount to a rebate ... within the meaning of the [Anti–Kickback] statute...." *Id.* at 623, 142 P.2d at 407–08. Coulombe testified that he knowingly and voluntarily relinquished his options. There is no more than the merest "scintilla of evidence" that his actions were not voluntary. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (holding that "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient" to create a triable issue of material fact). Indeed, Coulombe testified that he even declined a

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

later opportunity to cancel that relinquishment. This voluntary relinquishment also constitutes a waiver barring Coulombe's breach of contract claim. *Cf. Ross v. Harding,* 64 Wash.2d 231, 240, 391 P.2d 526, 533 (1964).

Furthermore, the Court notes that once relinquished, the stock options returned to the pool of option stock available for distribution to employees and therefore this case does not fall within the ambit of what the Anti–Kickback statute was intended to prevent. *See generally Ellerman v. Centerpoint Prepress, Inc.,* 143 Wash.2d 514, 519–520, 22 P.3d 795, 798 (2001) (en banc) (noting the statute was "enacted to prevent abuses by employers in a labor-management setting, e.g., coercing rebates from employees in order to circumvent collective bargaining agreements").

**AFFIRMED.**